**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALCO MINING COMPANY, Inc., Respondent.**

**No. 27515.**

United States Court of Appeals, Fifth Circuit.

May 14, 1970.

which directed the company to cease and desist from unfair labor practices and to bargain with the union upon request.

The company operates a strip coal mine and employs approximately forty-five employees, including supervisory and management personnel. The union conducted an organizational campaign at the company's mine and thereafter the regional director ordered an election to be held on January 6, 1967. Prior to that date, the union filed unfair labor practice charges, alleging violations of § 8(a) (1). The scheduled election was postponed pending disposition of the charges.

The trial examiner found the company guilty of the § 8(a) (1) violations charged, and further that a majority of the appropriate unit had signed union authorization cards. In light of this latter finding and the character of the company's § 8(a) (1) violations which made it improbable that a fair election could be held, the trial examiner recommended that the company be required to bargain with the union as collective bargaining representative of the employees in question. The board adopted the findings, conclusions and recommendation of the trial examiner. The company was ordered to cease and desist and to bargain upon request. We conclude that the cease and desist portion of the order should be enforced. As to the bargaining requirement, enforcement is denied and the case will be remanded for further findings in light of NLRB v. Gissel Packing Co., 1969, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547.

■■  With respect to the § 8(a) (1) violations, the examiner found that a company foreman engaged in coercive interrogation of three employees. See NLRB v. Camco, Inc., 5 Cir., 1965, 340 F.2d 803. The trial examiner credited the employees' testimony over that of the foreman as to the content of the questioning and the board agreed.

---

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., Walter C. Phillips, Director, Region 10, N. L. R. B., Atlanta, Ga., for petitioner.

C. V. Stelzenmuller, Mark L. Taliaferro, Birmingham, Ala., for respondent.

Before BELL and AINSWORTH, Circuit Judges.*

PER CURIAM:

This case is before the court upon the application of the National Labor Relations Board for enforcement of its order

---

* Judge Carswell, the third judge constituting the court originally hearing this case, resigned after argument but before decision. Consequently, this decision and opinion is rendered by a quorum pursuant to Title 28, USCA, § 46(c) and (d).

These were credibility choices for the trier of the facts to make and there the matter ends. See, e. g., Hendrix Mfg. Co. v. NLRB, 5 Cir., 1963, 321 F.2d 100, 105. The evidence was ample to support a finding that the foreman's inquiry into the union sentiments of the employees carried the overtone of a threat to the economic security of the employees and thus tended to coerce.

The trial examiner also found that the company superintendent communicated threats of economic retaliation, in the event of unionization, to a laid off employee with the expectation that the threats would be carried back to the other employees. The finding was a reasonable inference to be drawn from facts and circumstances surrounding this event. Such threats are in violation of § 8(a) (1). NLRB v. Plant City Steel Corp., 5 Cir., 1964, 331 F.2d 511.

It was also found that an unprecedented Christmas bonus, paid by the company to its employees only two weeks before the scheduled election, was given for the purpose of influencing the election. We cannot say, considering the record as a whole, that this finding was clearly erroneous.

Finally, it was found that a letter, distributed by the company to its employees, inferring that the union might force the company to close its mine or to hire new crews was coercive and violated § 8(a) (1). The determination of whether such statements are coercive threats rather than reasonable predictions of the effects of unionization is a function primarily for the board. See NLRB v. Gissel Packing Co., Inc., supra, 395 U.S. at 620, 89 S.Ct. 1918. After examining the testimony regarding the circumstances surrounding the letter, we cannot conclude that this finding was clearly erroneous.

With regard to the bargaining order, it should be noted that the board entered this order before the Supreme Court decision in NLRB v. Gissel Packing Co., Inc., supra. This court in NLRB v. American Cable Systems, Inc., 5 Cir., 1969, 414 F.2d 661, 668–669, has set out the factors justifying the issuance of a bargaining order under *Gissel*. As in *American Cable Systems*, we find that this case should be remanded for express findings by the board as to the *Gissel* criteria.

The several other questions asserted by the company in its brief in the nature of defenses have been considered and are found to be without merit.

The cease and desist portion of the order as it concerns violations of § 8(a) (1) is enforced. Enforcement of the bargaining order is denied and the case is remanded for further findings.